IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE: )

JOHN DANIEL HARRIS and ) Case Number: 14-30315
SHARON RENEE HARRIS,
)
    Debtors.
)

DEBTORS' AMENDMENT OF CHAPTER 13 PLAN

    Come now the Debtors in the above styled case and hereby amend their Chapter 13 Plan by substituting the attached pages for the previously filed plan, pursuant to Fed.R.Bank. P. 1009. Debtors' plan has been amended to remove provision regarding payment of pre-petition arrearage to Ocwen Loan Servicing, LLC, and to add provision that debt to Polaris/CapOne will be paid directly outside Debtors' Plan by Debtors' son.

    Respectfully submitted this the 25th day of February, 2014.

    /s/John Daniel Harris
    Debtor

    /s/Sharon Renee Harris
    Joint Debtor

    /s/ Paul D. Esco
    PAUL D. ESCO ASB-3772-O61P
    Attorney for Debtors

OF COUNSEL:
PAUL D. ESCO
ATTORNEY AT LAW, LLC
547 South Lawrence Street
Montgomery, Alabama 36104
334/832-9100
334/832-4527 [fax]
E-mail: paul.esco@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that on February 25, 2014 a copy of the foregoing was served electronically or by Regular U.S. Mail to all interested parties, the Trustee and all creditors.

                                                              /s/ Paul D. Esco
                                                              PAUL D. ESCO

IN RE: )

JOHN DANIEL HARRIS and ) Case Number: 14-30315
SHARON RENEE HARRIS,
)
    Debtors.
)

**AMENDED CHAPTER 13 PLAN**

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN**. You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION**. An Objection to Confirmation must be filed not later than seven (7) days prior to the date fixed for the Confirmation Hearing and must state with particularity the grounds for the objection. See LBR 3015-2, which can be found at www.almb.uscourts.gov/lrules/index.htm. and must state with particularity the grounds for the objection.

**PROOFS OF CLAIM**. Creditors must file a proof of claim to be paid. Confirmation of this plan does not bar the debtor, Trustee, or a party in interest from objecting to a claim.

1. **PAYMENT AND LENGTH OF PLAN**:

   Debtor(s) shall pay **$134.00 BI-WEEKLY** to the Chapter 13 Trustee. The length of the plan is **60 months**.

2. **FILING FEES**:

   The filing fee as prescribed by LBR 1006-1 shall be paid as follows:

   ☐     Filing Fee paid in full directly to the Clerk of Court with the petition.
   ☐     Filing Fee is being paid in installments pursuant to LBR 1006-1 directly to the Clerk of Court.
   ☒     Filing Fee is being paid in installments pursuant to LBR 1006-1 through the debtor's Chapter 13 plan as follows:

   | | |
   |---|---|
   | Total Filing Fee: | **$281.00** |
   | Initial Installment paid with filing of petition: | **$ 50.00** |
   | Remaining Balance to be paid through Chapter 13 plan: | **$231.00** |

3. **ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL**:

   The following attorney's fees shall be paid through the debtor's plan payments.

   | | |
   |---|---|
   | Total attorney's fee: | **$3,000.00** |
   | Amount paid by the debtor prior to the filing directly to attorney: | **$ 0.00** |
   | Net Attorney's Fee being paid through the Chapter 13 Plan disbursements: | **$3,000.00** |

4. **SECURED CLAIMS PAID THROUGH THE PLAN**:

The Debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this Plan, pursuant to §1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. §586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under §1325(a)(5).

| Creditor | Collateral Description | 910/365 Claim? Yes/No | Amount of Debt | Collateral Value | Interest Rate | §1326 PMSI Adequate Protection? Yes/No | Adequate Protection Payment | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| TitleMax of Alabama | 2000 Chevrolet Suburban | No | $700.00 | $3,200.00 | 4.50% | No | $10.00 | $21.00 |

5. **LONG TERM DEBTS MAINTAINED THROUGH PLAN:**

The Debtor proposes that the Trustee maintain the following long term debts through the plan. The Trustee shall make payments prior to confirmation of this Plan, to all of the following long term creditors indicted below. The Trustee shall commence making such payments to creditors holding allowed secured claims consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. §586(e) on all payments. Upon confirmation of this plan, said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| NONE | | | | |

6. **SURRENDERED PROPERTY:**

Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an amended proof of claim of filed by such creditor, reflecting any deficiency balance remaining following surrender.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| NONE | | | |

7. **CURING DEFAULTS**:

Pursuant to §1322(b)(5) the debtor shall cure defaults with respect to the creditors indicated below. Trustee shall pay the allowed claims for arrearages at 100% through this Plan. The amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein is an estimate, and in no way shall this estimate limit what the Trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Specified Monthly Payment Amount |
|---|---|---|---|---|
| Bank of America | Residential Property | $1,650.00 | 0.00% | $29.00 |

8. **DIRECT PAYMENTS**:

The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all §1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Direct Payment Amount |
|---|---|---|
| Bank of America | Residential Property | $801.35 |
| Ocwen Loan Servicing, LLC | Residential Property | $408.96 |

| Polaris/CapOne | Motorcycle | $21.49<br>(Debtors' son pays this debt and will continue to pay this debt directly) |
|---|---|---|

9.  **DOMESTIC SUPPORT OBLIGATIONS**:

The Debtor proposes that pre-petition Domestic Support Obligation arrearage claims indicated below shall be paid in full through this plan pursuant to §507(a)(1) unless the claimant agrees to some other treatment or the Court orders otherwise. The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition:

| Creditor | Total Arrearage | Specified Monthly Payment Amount |
|---|---|---|
| NONE | | |

10. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**:

The Debtor will pay all priority claims pursuant to §507 unless claimant expressly agrees otherwise including the following:

| Claimant | Type of Priority | Scheduled Amount | Specified Monthly Payment Amount |
|---|---|---|---|
| NONE | | | |

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**:

Executory contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation §1326 adequate protection payments directly to the Lessors pursuant to the terms of the contract. For all contracts assumed, the debtor shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| NONE | | | |

12. **SPECIALLY CLASSIFIED UNSECURED CLAIMS**:

The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt to be Specially Classified | Interest Rate | Specified Monthly Payment Amount |
|---|---|---|---|
| NONE | | | |

13. **UNSECURED CLAIMS**:

Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's chapter 13 plan at a rate of _____ PERCENT (___%), or pro rata participation in a **"POT" Plan of $10,000.00** for the benefit of unsecured creditors, or until all allowed claims are paid in full. If this proposed dividend to unsecured creditors is less than 100%, debtor(s) propose to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by §1325(b).

14. **OTHER PLAN PROVISIONS**:

a)  **Lien Retention**: Allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

b) **Vesting of Property of the Estate**:

- ☐ Property of the Estate shall revest in the Debtor(s) upon confirmation of the debtor's plan.
- ☒ Property of the Estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the Estate whether it remains in the estate or revests with the debtor upon confirmation of the plan shall remain in the debtor's possession and control. The debtor shall have use of property of the estate, subject to the requirements of §363 of the Bankruptcy Code.

c) **Direct Payment by Debtor**: Secured creditors and lessors to be paid directly by the debtor(s) may continue to mail to debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

d) **Other Provisions of the Plan Not Elsewhere Described**:

Debtor(s) reserve the right to amend schedules to add unscheduled and post-petition claims as same might be determined to exist or arise, respectively.

With regard to any late filed claims, these claims whether submitted by priority claimants such as Internal Revenue Service or the State of Alabama Department of Revenue, or whether filed by any other general, unsecured or secured creditor, shall be disallowed if an objection is submitted by the Debtors and sustained by the Court.

Debtors reserve the privilege to include any post-petition arrearage in mortgage or other secured debt initially proposed for direct servicing to a reasonably cure a post-petition default.

Debtor(s) will continue to pay pre-petition and post-petition utility service debts in the ordinary course of business in lieu of posting a deposit as adequate assurance of future payment under §366 of the U.S. Bankruptcy Code. The Debtor(s) acknowledges and agrees that the automatic stay does not bar any utility company's efforts to collect post-petition utility service debt.

| | |
|---|---|
| 02/25/14 | /s/ John Daniel Harris |
| Date | Debtor |
| 02/25/14 | /s/ Sharon Renee Harris |
| Date | Joint Debtor |
| 02/25/14 | /s/ Paul D. Esco |
| Date | PAUL D. ESCO ASB-3772-O61P |
| | Attorney for Debtor(s) |